UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14379-KMM

AFFORDABLE AERIAL PHOTOGRAPHY INC.
a Florida corporation,

    Plaintiff,

v.

SYNC RFID INC,
a Florida corporation,

    Defendant.

## DEFENDANT SYNC RFID'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND FOR SANCTIONS

    Defendant, Sync RFID Inc, by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 6 and Local Rule 7.1(a), moves for an extension of time to respond to plaintiff's complaint, [DE 1], and for sanctions pursuant to Local Rule 7.1(a)(3) for plaintiff's bad faith conferral and opposing the relief requested without any stated reasons.

    This is a copyright trolling case filed long after the statute of limitations has expired, initiated by a well-known copyright troll, Affordable Aerial Photography, Inc. ("AAP").

    AAP commenced this lawsuit by filing its complaint on December 4, 2023—more than seven years after it explicitly acknowledges when its claim accrued: April 2016 [DE 1 at ¶ 18], and more than four years after the statute of limitations ran, 17 U.S.C. § 507(b); Oppenheimer v. Palange, no. 23-cv-20507 (S.D. Fla. Dec. 24, 2023) (Gayles, J.) (concluding that "[t]he injury rule applies here because copyright infringement is the 'gravamen' of Plaintiff's claims," citing to Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1330 (11th Cir. 2023), cert. granted in part sub nom. Warner Chappell Music v. Sherman Nealy, No. 22-1078, 2023 WL 6319656 (U.S. Sept.

29, 2023) and holding that "any claims that accrued before February 8, 2020, are **DISMISSED**") (emphasis in original).

AAP served the original process on defendant on December 8, 2023. [DE 8]. Defendant Sync RFID then engaged the undersigned counsel on December 14, 2023, with approximately fifteen days left before its deadline to respond to the complaint: December 29, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). The declaration of Griffin C. Klema is attached as Exhibit A. The deadline has not yet passed. Crucially, however, it falls during a time when the undersigned counsel had a pre-planned 18-day vacation in Wisconsin over the holidays. Id. Defense counsel, as a true solo practitioner, had effectively four business days after being engaged to prepare a response despite other pre-existing matters calendared during that time. Id.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time ... if a request is made, before the original time or its extension expires ...." Fed. R. Civ. P. 6(b)(1). The standard is a liberal one, and "an application for enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4b CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE, § 1165, at 552 (3d ed. 2002).

Furthermore, matters respecting extensions of time are for counsel to decide, not a party. "A **lawyer** should accede to all reasonable requests for ... extensions, and postponements that do not prejudice the client's opportunity for full, fair and prompt consideration and adjudication of the client's claim or defense." Fla. Bar Professionalism Standard 6.4 (emphasis supplied). Despite the allocation of responsibility for ministerial and non-prejudicial extensions to the attorney, AAP's counsel, Mr. Daniel DeSouza, provided no explanation for his own position nor any basis

for his client's refusal during the pre-filing conferral process. Ex. A. at ¶ 5.[1] That unsubstantiated refusal violates the duty of good faith conferral under Local Rule 7.1(a)(3) and is consistent with AAP's copyright trolling business model, seeking to force excessive and unnecessary litigation to drive up the cost of defending against AAP's time-barred claims. Precipitating a contested motion for an extension of time for a deadline falling between the Christmas and New Year holidays without providing any articulable basis for refusing or narrowing the issue rises beyond professionalism and constitutes sanctionable misconduct.

Illustrative of its bad faith is the hypocrisy of AAP's delay in filing suit for 18 months combined with its present baseless position to decline a reasonable extension of time for 30 days. AAP avers it discovered the alleged infringement in May 2022. [DE 1 at ¶ 23]. Yet it offered exactly zero reason for why it would not agree to *any* extension of time whatsoever, let alone a 15-day or 30-day extension.

Irrespective of AAP's unreasonable and unsubstantiated position, there is good cause to grant a reasonable extension of time:

1. Sync RFID's request is its first request for extension of time;

2. the undersigned counsel is a true solo practitioner, Ex. A;

3. the deadline occurs at a time when defense counsel had a pre-planned vacation, Ex. A;

4. the amount of time available to prepare a response to the complaint was effectively four business days, Ex. A.;

5. the deadline for a response falls between Christmas and New Year's day;

---

[1] In a different lawsuit the undersigned encountered similar deference by plaintiff's counsel directly to Robert Stevens to decide whether to grant the extension of time. Affordable Aerial Photography Inc. v. Abdelsayed, no. 21-cv-81331 (S.D. Fla.). The same pattern has occurred here, where Attorney Daniel DeSouza has abdicated his professional obligations as attorney to his client and otherwise failed to discharge his obligations of good faith conferral.

      6.   an additional 30 days is reasonable, and will not lead to an unreasonable delay.

Besides good cause for the extension of time, there does not appear to be any prejudice that would result to AAP if the extension were granted. Because AAP and Mr. DeSouza could not explain why they opposed this request, AAP should not be permitted to introduce new reasons—any reasons, really—in opposition to the instant motion. To allow otherwise would encourage ambush and bad faith conferral. Local Rule 7.1(a)(3) permits the Court to grant this motion without entertaining new, post-conferral arguments when a party fails to discharge its duty of good faith pre-filing conferral. S.D. Fla. Local R.7.1(a)(3) ("[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant [] the motion").

In view of all of the foregoing, the Court should, pursuant to S.D. Fla. Local R.7.1(a)(3), further sanction AAP and its counsel for precipitating a contested motion through bad faith conferral and unreasonably opposing a non-merits professional courtesy matter akin to a scheduling conflict. Rule 7.1 "ha[s] 'the force of law' and should be followed." Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp., 744 F. Supp. 2d 1297, 1302 (S.D. Fla. 2010) (quoting Cheshire v. Bank of Am., NA, 351 F. App'x 386, 388 (11th Cir. 2009) (per curiam). The rule explicitly lays the requirement of good faith at the feet of counsel: "Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute." S.D. Fla. Local R. 7.1(a)(3). A failure to comply with those requirements "may be cause for the Court to ... impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Id.; see also Royal Bahamian, 744 F. Supp. 2d at 1303 (ordering counsel "responsible for, and involved in, the inadequate efforts to confer" to pay the opponent's attorney's fees in connection with the contested motion). Given the wholly lacking basis for AAP's position in opposition to the

requested extension, this Court would not abuse its discretion in sanctioning AAP and its counsel for engaging in conduct that led to a contested motion without any basis for opposing the relief requested—or at the very least failed to narrow the points of disagreement predicated on articulable facts and law. Sync RFID presented facts supporting its position of good cause. AAP and its counsel provided none. Simply saying "no" does not discharge a party's (or counsel's) obligation of good faith conferral.

**WHEREFORE**, defendant Sync RFID Inc requests the Court enter an order granting this motion for extension of time to respond to plaintiff's complaint [DE 1], through and including January 29, 2024; to sanction AAP and its counsel for bad faith conferral pursuant to Local Rule 7.1(a)(3) and order AAP and its counsel to jointly pay defendant the costs of brining the present motion; and for such further relief as the Court deems just and proper.

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. AAP has refused to articulate any reason why it opposes the requested extension, and explicitly required a contested motion to be presented to the Court for resolution.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*