UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14379-KMM

AFFORDABLE AERIAL PHOTOGRAPHY INC.
    Plaintiff,

v.

SYNC RFID INC,
    Defendant.

___

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Sync RFID Inc, by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. pursuant to Fed. R. Civ. P. 12, answers plaintiff Affordable Aerial Photography, Inc.'s complaint [DE 1] and further pleads by affirmative defenses in response to this copyright trolling case.

### ANSWER

1. Defendant admits the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

8. The allegations contained in paragraph 8 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

9. The allegations contained in paragraph 9 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

10. The allegations contained in paragraph 10 are immaterial, and defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 and therefore denies same.

14. With regard to the allegations contained in paragraph 14, defendant admits that one page of an apparent certificate of registration is attached to the complaint as Exhibit A, but given the first page is missing, defendant lacks knowledge or information sufficient to form a belief about the allegations.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant admits that it is in the radio frequency identification (RFID) business, but denies plaintiff's characterization of defendant's business, as alleged in paragraph 16.

17. With regard to the allegations contained in paragraph 17, while defendant admits that it maintains the alleged website, it denies plaintiff's characterizations in this paragraph, particularly that defendant "primarily" advertises and markets through that website.

18. Defendant admits that the URL indicated was publicly available online in July 2018, and that the thumbnail images for each respective post, including the alleged post, remained unchanged since that date, but otherwise denies the allegations contained in paragraph 18.

19. Defendant admits that the exhibit attached as "B" to the Complaint appears to be a portion of defendant's website at the URL indicated, but otherwise denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant admits that it may have found certain images online that are depicted on the subject website, but otherwise denies the allegations contained in paragraph 22, and denies that it used the alleged work or otherwise infringed plaintiff's copyright.

23. Defendant admits that plaintiff sent it an extortionate, copyright trolling demand letter seeking $35,000, but denies the remainder of the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Paragraph 25 of the Complaint is a re-incorporation paragraph, for which defendant re-adopts its responses.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 and therefore denies same.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Paragraph 37 of the Complaint is a re-incorporation paragraph, for which defendant re-adopts its responses.

38. Defendant admits that the example included by plaintiff in its complaint appears to have some indiscernible text, but denies that the Work had such and therefore denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

Defendant denies that plaintiff is entitled to any relief whatsoever in this action. Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which it did not specifically admit or respond to in this Answer to plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. **Defense 1 – Statute of Limitations**. Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the Copyright Act statute of limitations. 17 U.S.C. § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which

the lawsuit was brought. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

2. **Defense 2 – Invalidity – § 411(b)**. Plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in the original author of that work, a person who was not an employee of plaintiff. 17 U.S.C. § 201(b). As a work for hire without a written transfer, plaintiff did not have, and does not currently have, any ownership interest in the subject work. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid for a knowing and material error. AAP's use of attorneys to register its copyright makes its omissions actual knowledge, or at least willful blindness. Unicolors Inc. v. H&M Hennes & Mauritz, L. P., 142 S. Ct. 941 (2022) ("if Congress had intended to impose a scienter standard other than actual knowledge, it would have said so explicitly").

3. **Defense 3 – Plaintiff Lacks Standing.** Plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in an unidentified person, possibly affiliated with Creative Retouch Studio, or Creative Retouch Studio is the owner. The registered work, was a work for hire such that plaintiff does not have, and knew it did not have, any ownership interest in the subject work. 17 U.S.C. § 201(b). Plaintiff has no written transfer of the copyright from the original author to it, signed by the author, as required by § 204. Further, because the plaintiff knew of the inaccuracy concerning its lack of ownership, and ownership is material to a certificate of registration, it cannot maintain the present action because it lacks standing and has failed to state a claim upon which relief may be granted. 17 U.S.C. §§ 411 and 501(b).

4. **Defense 4 – Failure to State a Claim**. Because, among other reasons, the certificate of registration is invalid, plaintiff cannot state a claim for relief. 17 U.S.C. § 411(a); Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S.Ct. 881 (2019).

5. **Defense 5 – Invalidity – Insufficiently Creative.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendant's copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection. Applying the doctrines of merger, *scènes à faire*, natural elements, standard technique or practice, efficiency, compatibility, and others, plaintiff has no copyrightable (protectable) expression, and thus copying the subject work cannot infringe plaintiff's claimed copyright. There is no originality in the timing or the subject matter of the natural scene. Nothing in the work was created or staged by plaintiff. Furthermore, photography of a natural scene is ubiquitous and commonplace such that the "angle" of the image is not protectable expression but rather merely an unprotectable idea. Harner v. Wong Corp., no. 12-cv-00820 (D.N.M. Oct. 31, 2013) Kim Seng Co. v. J & A Importers, Inc., 810 F.Supp.2d 1046 (C.D. Cal. 2011); Oriental Art Printing v. Goldstar Printing Corp., 175 F.Supp.2d 542 (S.D.N.Y. 2001); see also Rentmeester v. Nike, Inc., 883 F.3d 1111, 1120 (9th Cir. 2018); Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763 (9th Cir. 2003); Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003).

6. **Defense 6 – Fair Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was a fair use. 17 U.S.C. § 107.

7. **Defense 10 – License.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendant's use, if any, of any element from the work in which plaintiff alleges a copyright

interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff, and/or a listing agent or broker, and/or a multiple listing service and its affiliates to defendant.

8. **Defense 7 – Damages are Limited to Objective Market Value.** Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). The objective market value of the alleged work is relevant to and limits plaintiff's claim to damages, whether statutory or actual. The actual market for unremarkable natural scenes for use online is approximately $10 for a perpetual worldwide royalty-free nonexclusive license. Furthermore, plaintiff previously offered to license its real estate images for less than $100 to the public in exchange for a fully paid up non-exclusive royalty-free worldwide perpetual license for use online.

9. **Defense 8 – Innocent, Good Faith Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because on information and belief, the work can be found online without any copyright management information. Defendant has not willfully infringed any intellectual property or other rights owned by plaintiff and defendant acted in good faith and without any intent to injure plaintiff.

10. **Defense 9 – De Minimis Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not use any elements that are protectable expression.

11. **Defense 10 – Unclean Hands**. On information and belief, plaintiff previously offered to license the subject image to the public for a nominal fee through its own website. At

some time thereafter, plaintiff removed its website with the goal of pursuing accused infringers for significantly larger sums. Plaintiff's calculated effort to initially license its images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief.

12. **Defense 11 – Copyright Misuse**. Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act. <u>Lasercomb America, Inc. v. Reynolds</u>, 911 F.2d 970 (4th Cir. 1990). Its improper conduct includes, but is not limited to, selectively enforcing against certain persons and entities, using enforcement efforts to derive revenue extortionately greater than the fair market value of the work or the fair amount of damages actually suffered, securing default judgments predicated on false or misleading affidavits which are further used to improperly extort settlements, and generally engaging in a pattern of improper pre-suit and litigation misconduct. Plaintiff cannot claim the benefits of his copyright monopoly.

**Defendant's Prayer for Relief**

WHEREFORE, Sync RFID Inc. prays for judgment as follows:

a) that the Court request the Register of Copyrights to advise the Court whether the inaccurate claimant information, if known, would have caused the Register of Copyrights to refuse registration for the subject work pursuant to 17 U.S.C. §411(b)(2);

b) that the Court invalidate the subject copyright registration;

c) that plaintiff takes nothing by way of the complaint and the Court dismiss the complaint with prejudice;

d) that the Court enter judgment that defendants are the prevailing parties in this action;

e) that the Court award defendants their full costs, including reasonable attorney's fees, against plaintiff pursuant to 17 U.S.C. §§ 505 and 1203(b)(5); and

f) that the Court award any and all other relief to which defendant may be entitled.

Dated: January 29, 2024.

/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendant
