THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14379-KMM

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

SYNC RFID INC,

    Defendant.

_____

**JOINT SCHEDULING REPORT AND CONFERENCE REPORT**

Pursuant to Local Rule 16.1(b) and Fed. R. Civ. P. 26(f), plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") and defendant Sync RFID Inc ("Defendant") jointly submit this scheduling report.

I.    Proposed Case Management Track

The Parties agree that this case should be assigned to the Standard Track.

II.    Discovery Plan

(A)    Rule 26(a) Disclosures: The Parties do not propose any changes in the form or scope of requirements of mandatory disclosures under Fed. R. Civ. P. 26(a). Defendant argues that a statute of limitations defense exists on the face of the pleading, and therefore Island Villa seeks to stay the case pending a ruling on its forthcoming Rule 12(c) motion. Plaintiff believes the parties should exchange the materials and initial disclosures on February 9, 2024.

(B)    Subjects of Discovery and Phases: At this time, the parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure. The parties would anticipate the need to each serve interrogatories, requests for production, subpoenas, and requests for admission, and to take deposition discovery in accordance with the Federal Rules of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery. Defendant seeks to phase discovery, if plaintiff's claim is not disposed of pursuant to Rule 12(c) due to the statute of limitations running. Should the Court not enter judgment for defendant based on the statute of limitations due to any

factual issue (which Island Villa contends there is not given Harrington's affirmative pleading of the defense), then discovery should be limited to the dispositive issue of the statute of limitations first before general discovery.

(C) <u>Electronic Discovery Issues</u>:  The parties agree that all relevant Electronically Stored Information ("ESI") will be preserved until the resolution of this matter. This includes, but is not limited to, information owned and/or controlled by the parties that is contained in electronic documents, cellular phones, emails, text messages, cryptocurrency wallets, social media, and computer and software programs.  The parties further agree that when discovery requests are made, they will undertake good faith efforts to comply with the terms of the requests.  For structured ESI, like database data, the parties agree make reasonable efforts to procure and produce ESI in native formats.  For unstructured ESI, like emails and word processing, the parties agree to make reasonable efforts to produce discovery in a searchable PDF format and/or native format. Defendant anticipates plaintiff AAP will disavow the existence of ESI related to AAP's former website, stockimagedepot.com (abandoned as harmful to its current trolling business model) where AAP offered perpetual, royalty-free commercial licenses to its images for $99.

(D) <u>Claims of Privilege or Protecting Trial Preparation Materials</u>:  In connection with the procedures provided by Fed. R. Civ. P. 26(b)(5), the Parties agree that any inadvertent production of privileged or trial-preparation materials shall not be considered a waiver of any privilege or protection applicable to such materials so long as the party identifies the documents mistakenly produced and requests their return. Sync RFID anticipates that AAP will refuse to disclose prior settlements, asserting "confidentiality" that AAP, through counsel, procured for the very reason of avoiding disclosures in other of AAP's many, many lawsuits in furtherance of AAP's copyright trolling scheme. <u>Harrington v. 360 ABQ, LLC</u>, no. 1:22-cv-63 (D.N.M. Nov. 17, 2022) (granting defendant's motion to compel).

(E) <u>Changes in Discovery Limitations</u>:  The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed under these rules or by local rule or that other limitations should be imposed. Defendant reiterates its request that discovery be bifurcated as to the statute of limitations.

(F) <u>Other Orders Under Rules 26(c) or 16(b)</u>:  The Parties do not request any other orders under Rules 26(c) or 16(b) at this time.

III. Conference Report

   A. *Likelihood of Settlement*

   At this time, the parties are uncertain whether settlement is likely to occur.

**B.**     *Likelihood of Appearance of Additional Parties*

   None anticipated at this time.

**C.**     *Proposed Limits on Time*

   (i).     <u>Join Other Parties and to Amend the Pleadings</u>:  **March 22, 2024.**

   (ii).    <u>To Select a Mediator and Schedule Mediation</u>: **March 29, 2024.**

   (iii).   <u>Completion of Mediation</u>. **October 4, 2024**

   (iv).    <u>Complete Discovery</u>:  **September 6, 2024.**

   (v).     <u>Deadline to File Dispositive Pre-Trial and Daubert Motions</u>:  **October 25, 2024**

   (vi).    <u>Joint Pre-Trial Stipulation, Proposed Findings of Fact, and Conclusions of Law</u>: **January 8, 2025**

   (vii).   <u>Calendar Call</u>. _____, 2025

**D.**     *Proposals for the Formulation and Simplification of Issues*

   The Parties will endeavor to stipulate to undisputed facts and issues in advance of trial.  In addition, the Parties each intend to file dispositive motions in advance of trial in an effort to limit the issues.

**E.**     *Necessity or Desirability of Amendments to the Pleadings*

   No amendments to the pleadings are anticipated on the information that the parties currently have.

**F.**     *Admissions of Fact and Stipulations of Authenticity*

   The Parties will endeavor to stipulate as to the authenticity and admissibility of documents to avoid unnecessary issues, and to admit to such facts and documents as will avoid unnecessary need for discovery and issues of proof.

**G.**     *Avoidance of Unnecessary Proof/Cumulative Evidence*

   Unnecessary proof and cumulative evidence will be eliminated, whenever possible, through the use of admission and stipulations by the Parties.

**H.**     *Advisability of Referring Matters to a Magistrate Judge or Master*

The Parties consent to referring discovery matters to the Magistrate Judge.

**I.**     *Preliminary Estimate of Time Required for Trial*

The Parties estimate that trial will take 3-4 days.

**J.**     Requested Dates for Final Pretrial Conference and Trial

(i).     Final Pretrial Conference:  **February 12, 2025.**

(ii).    Trial:  **March 11, 2025.**

**K.**    *Any Issues About:*

(i)    <u>Disclosure, discovery, or preservation of electronically stored information, including the form or forms in it should be produced</u>:  The Parties will agree on reasonable procedures for discovery of electronically stored information.

(ii)   <u>Claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502</u>:  The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges.

Sync RFID anticipates that AAP will refuse to disclose prior settlements, asserting "confidentiality" that AAP, through counsel, procured for the very reason of avoiding disclosures in other of AAP's many, many lawsuits in furtherance of AAP's copyright trolling scheme. <u>Harrington v. 360 ABQ, LLC</u>, no. 1:22-cv-63 (D.N.M. Nov. 17, 2022) (granting defendant's motion to compel).

(iii)  <u>When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist</u>:  The Parties agree to work together to develop a mutually-agreeable ESI plan.

**L.**    *Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference*

At this point, the parties are unaware of any other information that may be of assistance to this Court.

Respectfully submitted on February 2, 2024.

| | |
|---|---|
| COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br><br>*Attorneys for Plaintiff*<br><br>By: /s/ Daniel DeSouza<br>         Daniel DeSouza, Esq. | KLEMA LAW, P.L.<br>420 W. Kennedy Boulevard<br>Tampa, FL 33606<br>Telephone: (202) 713-5292<br>griffin@klemalaw.com<br><br>*Attorneys for Defendant*<br><br>By: /s/ Griffin Klema<br>         Griffin Klema, Esq.<br>         Florida Bar No.: 100279 |