UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14379-KMM

AFFORDABLE AERIAL PHOTOGRAPHY INC.
a Florida corporation,

    Plaintiff,

v.

SYNC RFID INC,
a Florida corporation,

    Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF ITS EXPEDITED MOTION TO STAY

Defendant, Sync RFID Inc. ("Sync RFID"), by and through its attorney, Griffin Klema, Esq., pursuant to Local Rule 7.1(d)(2) files this reply to plaintiff Affordable Aerial Photography, Inc. ("AAP") opposition to defendant's expedited motion to stay [ECF 20].

### SUMMARY OF REPLY

AAP's response to the issues presented in the motion to stay show that a stay is needed. (A) It concedes that the underlying motion is dispositive; (B) It incorrectly argues that Warner Chappell is entirely irrelevant; (C) It is not forthright about the state of the law in the Eleventh Circuit and falsely claims every case supports its position; and (D) its rhetoric is unbecoming of an experienced federal litigator. AAP's response reads as a preview to the arguments it should make in opposition to the dispositive motion, not as to whether a stay should be entered. Staying these proceedings would not be an abuse of discretion.

## ARGUMENT

### A. AAP concedes that defendant's motion for judgment on the pleadings would be dispositive of the case

AAP implicitly concedes that Sync RFID's motion for judgment on the pleadings would be completely dispositive of this lawsuit. Though it believes it will win on the merits, it doesn't deny the motion's dispositive character. That weighs heavily in favor of a stay at least with respect to a decision on that motion, Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1369 (11th Cir. 1997), apart from forthcoming authoritative decisions of higher courts, Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009) (constituting an "excellent" reason alone).

As part of this Court's decision on whether to stay these proceedings, it should "'take a preliminary peek' at the merits of [that motion] to see if it appears to be clearly meritorious and truly case dispositive." Feldman v. Flood, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997). That motion is undeniably dispositive, and is clearly meritorious as the recent oral arguments yesterday before the Supreme Court make evident.

### B. AAP misunderstands and mischaracterizes pending Supreme Court cases, which that court just yesterday suggested in oral argument cases like this should be stayed

First, AAP incorrectly characterizes Warner Chappell as being wholly irrelevant to Sync RFID's dispositive argument. Opp'n at 1 (the Warner Chappell case "has nothing to do with Defendant's statute of limitations argument"). Undeniably, AAP seeking damages for an act occurring more than three years prior to when it initiated this case comes squarely within the question presented there, which itself cites to the Act's statute of limitations: "Whether, under the discovery accrual rule applied by the circuit courts and the Copyright Act's statute of limitations for civil actions, 17 U. S. C. §507(b), a copyright plaintiff can recover damages for acts that

allegedly occurred more than three years before the filing of a lawsuit." It strains credulity to argue that Warner Chappell is entirely irrelevant. The extensive amicus briefing focusing on the discovery-vs-injury issue there also belies AAP's assertion.

Second, Justice Alito, in the Warner Chappell oral argument (yesterday) all but suggested that courts, as here, should stay the proceedings to let the Supreme Court resolve this vitally important issue. He said if the "district court [were] aware that we recently granted review in a case that does present the issue of whether there is a discovery rule for the Copyright Act statute of limitations, [then] if I were the district court judge in those circumstances, **I might choose not to plow ahead with further proceedings in this case until that issue was resolved**." Tr. Of oral argument, Feb. 21, 2024, at 17:13-17:21.[1] Further discussion before the court referenced the Hearst Newspapers v. Martinelli petition for certiorari. Id. While Martinelli was distributed for conference last week (February 16, 2024), it is near-certain that the high court has simply waited for yesterday's oral arguments in Warner Chappell before deciding whether to grant certiorari in Marinelli.

For his part, Justice Gorsuch too alluded to the court's likely position on the statute of limitations: We "have a lot of cases in this Court casting doubt on the existence of a discovery rule. We've called it wine from a bad vintage or something like that, and we've done it several times, including, two years ago." Id. at 37:22-38:2 (cleaned up).

For AAP to claim that Warner Chappell is irrelevant is simply untenable. It is, and provides its own basis for granting a stay. But even more directly dispositive are the two pending AAP appeals that undeniably will control the outcome here.

---

[1] Available at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/22-1078_4g25.pdf

### C. AAP misrepresents the state of Eleventh Circuit law on the Copyright Act statute of limitations

AAP seeks to mislead this Court about the state of the law in the Eleventh Circuit. While it spilled much ink improperly arguing the *merits* of the underlying motion rather than reasons for granting a stay, the fact is that the Eleventh Circuit itself recognizes its jurisprudence as to the injury-vs-discovery rule for ordinary infringement claims is unsettled. That court made such status explicit in the oral argument in Nealy: "We have not decided whether or not there is a discovery rule for copyright infringement for accrual purposes, right? We have not decided that yet in a published opinion, right?" Oral Argument at 1:50, Nealy v. Warner Chappell Music, Inc., no. 22-13232, (Jordan, J.);[2] "Webster, I think we all agree says that in a copyright ownership dispute, the discovery rule applies, right? I think as Judge Jordan pointed out, **we have never answered the question of whether the discovery rule applies outside of that context**." Id. at 16:16. (Brasher, J.). The Nealy decision itself foreshadows how that court understands the difference between ownership and infringement claims, and that the latter accrue upon injury:

> a copyright plaintiff's claim accrues when the harm, that is, the infringement, occurs, no matter when the plaintiff learns of it.
> ….
> Petrella explained that, under the injury rule, separate claims accrue with each new injury. The injury rule and separate-accrual rule mean, as the Court said, that a separate copyright claim accrues "[e]ach time an infringing work is re-produced or distributed."

Nealy, 60 F.4th 1325, 1330, 1332 (citing and quoting Petrella) (internal citations omitted).

AAP is also dead wrong that "no court has recognized Defendant's argument," Opp'n at 5. In fact, many cases have dismissed untimely claims based on when the alleged infringement occurred: Judge Gayles recently dismissed claims—just like AAP's here—as being untimely.

---

[2] Available at https://www.ca11.uscourts.gov/system/files_force/oral_argument_recordings/21-13232.mp3

Oppenheimer v. Palange, no. 23-cv-20507 (S.D. Fla. Dec. 24, 2023) ("claims based on acts of infringement that occurred before [three years prior to suit] would be time-barred"). Surprisingly, Judge Gayles came to that conclusion without extensive briefing from the parties on it, further suggesting that district court judges are coming to the independent realization of what the future portends from both the Eleventh Circuit and the Supreme Court.

Other district courts have held similarly—and with increasing frequency post-Petrella: E.g., Carter v. Pallante, 256 F. Supp. 3d 791, 800 (N.D. Ill. 2017) ("the dates of the alleged infringement [] are the dates that govern for purposes of the statute of limitations"); Darger v. Lerner, no. 22-cv-3911 (N.D. Ill. Mar. 28, 2023) ("each wrong gives rise to a discrete claim that accrues at the time the wrong occurs"); Boatman v. Peoria Area Ass'n of Realtors, no. 20-cv-1248 (C.D. Ill. Nov. 5, 2021) (Plaintiff "alleges that the last photographs were uploaded to PAAR's MLS in 2016. Yet, he waited until 2020 to file his Complaint.... Therefore, this Court finds that Boatman's claim against PAAR is barred by the three-year statute of limitations under § 507(b)").[3]

Given (1) Sync RFID's citation to Oppenheimer in its motion in this case, [ECF 15 at 13], (2) AAP' receipt of that case in one of its two appeals, see Notice of Supp. Authority, [ECF 25] Affordable Aerial Photography, Inc. v. Property Matters USA, LLC, no. 23-12563 (11th Cir. Dec. 27, 2024), as well as (3) CopyCat Legal's representation in Harrington v. Baby Gizmo Co., no. 23-cv-5306 (N.D. Ill. Nov. 1, 2023), where the above Illinois cases were cited, AAP and its counsel

---

[3] Separately, AAP misunderstands the law in the Seventh Circuit. That circuit too does not employ a discovery rule, which the plaintiff there (another of CopyCat Legal's troll clients) chose not to respond to and accepted a reasonable (nominal) settlement. Dfnt's Mot. for J. on the Pleadings, [ECF 13] Harrington v. Baby Gizmo Co., no. 23-cv-5306 (N.D. Ill. Nov. 1, 2023) (harmonizing Seventh Circuit case law, in view of Petrella, "that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed."), available at https://storage.courtlistener.com/recap/gov.uscourts.ilnd.436613/gov.uscourts.ilnd.436613.13.0.pdf

are knowingly misrepresenting the law to this Court. They seem repeatedly inclined to such conduct which Judge Middlebrooks recently characterized as "unbecoming of a forthright litigant in federal court and [its] omission borders on deceitful." Affordable Aerial Photography, Inc. v. Ditommaso, no. 9:22-cv-80030 at * (S.D. Fla. Nov. 9, 2023) (Middlebrooks, J.).

AAP's utter lack of forthrightness here should give this Court serious concerns about AAP's trolling motivations—none of which it refuted.

### D. AAP's rhetoric and *ad hominem* is not well taken

Finally, AAP's *ad hominem* is not well taken, but what the undersigned counsel has come to expect from CopyCat Legal. E.g., Reply [ECF 27], Harrington v. Island Villa Rental Properties Inc., no. 23-cv-10080 (S.D. Fla. Feb. 19, 2024) (CopyCat Legal admitting to a Rule 11 violation buried in extensive *ad hominem* attack). Such rhetoric should not be tolerated. Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1127-28 (2d Cir. 1989) (sanctioning overaggressive copyright plaintiff lawyer for "tactics [that] make a farce and mockery of the entire briefing and legal memorandum process"); see also Liebowitz v. Bandshell Artist Mgmt., 6 F.4th 267 (2d Cir. 2021) (affirming sanctions against copyright troll lawyer for their misconduct in many trolling cases).

Here, rather than argue the law (i.e., how a case is factually inapposite or stands for something different from what the movant contends), AAP characterizes Sync RFID's arguments as the undersigned's "beliefs." Opp'n at 6. AAP doesn't actually wrestle with the undeniable fact that AAP's two other appeals will directly control the limitations argument here, and it has no answer to the guiding framework articulated in Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009) and Simpson v. J.G. Wentworth Co., no. 8:23-cv-152 (M.D. Fla. Apr. 2023) (*sua sponte* ordering stay pending *en banc* decision in Eleventh

Circuit). AAP would rather continue its abuse of trolling victims for as long as it can until the Supreme Court or the Eleventh Circuit finally makes clear that there is no discovery rule for ordinary infringement claims.

## CONCLUSION

This Court should stay these proceedings given the multiple independent bases for doing so—none of which would constitute an abuse of discretion, and all of which together are compelling. AAP tries to argue the merits of the underlying motion, misrepresents the law, and generally failed to argue whether a stay is warranted. It is.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381¶
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*