UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14379-KMM

AFFORDABLE AERIAL PHOTOGRAPHY INC.
a Florida corporation,

    Plaintiff,

v.

SYNC RFID INC,
a Florida corporation,

    Defendant.

## JOINT STATUS REPORT

The parties, defendant Sync RFID, Inc., and plaintiff Affordable Aerial Photography, Inc., ("AAP") pursuant to the Court's order requiring a status report subsequent to the Supreme Court opinion in Warner Chappell Music, Inc. v. Nealy, no. 22-1078, 601 U.S. __ , 2024 WL 2061137 (U.S. May 9, 2024), [DE 24], hereby provide same. The parties have slightly differing positions on what should be included herein, and therefore provide separate statements.

**Procedural History & Joint Position**

In this case, plaintiff AAP alleges one count of copyright infringement for a single photograph displayed on Sync RFID's website. [DE 1]. Sync RFID answered, [DE 11], and moved for judgment on the pleadings, [DE 15], and simultaneously moved for a stay, [DE 16], arguing Warner Chappell and Hearst Newspapers, L.L.C.

v. Martinelli in the Supreme Court and Affordable Aerial Photography Inc. v. Property Matters USA LLC, no. 23-12563, in the Eleventh Circuit—were all potentially dispositive of the issue presented in Sync RFID's Rule 12(c) motion concerning the Copyright Act statute of limitations. AAP opposed both motions, [DE 20 and 22], and Sync RFID replied to the stay motion, [DE 21]. The Court then stayed this case one day after AAP's opposition memorandum, [DE 27], and before the time came due for Sync RFID's reply, Local Rule 7.1(c)(1).

Presently, the parties agree this case should remain stayed pending the Eleventh Circuit's decision in Property Matters.

**Defendant's Position**

This is a copyright trolling case in which AAP seeks $150,000 for an image of a community entryway gate, where the market value for such an image is $10. In Warner Chappell the Supreme Court decided a narrow issue regarding the scope of damages available to a copyright plaintiff for a timely claim despite pressure from parties and fifteen amici to decide whether the Copyright Act tolerates a discovery accrual rule.

Despite pressure from the parties and fifteen amici to decide whether the Copyright Act tolerates a discovery accrual rule, the Supreme Court did not decide that threshold issue, and in Warner Chappell held only that the Copyright Act did not place a temporal limitation on damages.

Writing for the majority, Justice Kagan contrasted the injury-occurrence rule (and citing Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014)) with that of

the "alternative view" and "so-called discovery rule" which she characterized as an "assumption" in the question it answered. The court highlighted that "Warner Chappell accepted that the discovery rule governed." Consequently, the court "confined [its] review to [the] disputed remedial issue, excluding consideration of the discovery rule."

Justices Gorsuch, Thomas, and Alito dissented, making clear that they would have dismissed the petition as improvidently granted to "await[] another [case] squarely presenting the question whether the Copyright Act authorizes the discovery rule." Citing Rotkiske v. Klemm, 589 U.S. 8 (2019) and TRW Inc. v. Andrews, 534 U.S. 19 (2001), they believe the Act "almost certainly does not tolerate a discovery rule" and lamented that the court should not "play along with these particular parties and expound on the details of a rule of law that they may assume but very likely does not exist."

Regardless of the narrow decision, Warner Chappell supports Sync RFID's argument for dismissal given the majority's citation to Petrella for the injury-accrual rule and its subtly-disparaging characterization of the discovery rule as an "alternative view." The three dissenters foreshadow the Court's likely position on the issue when the proper case arrives there.

Even aside from Warner Chappell, the continued pendency of the appeal in Property Matters in the Eleventh Circuit supports Sync RFID's position that the stay should be maintained, with the decision there having the greatest likelihood of

controlling the issue here and which will was argued recently on June 19, 2024. Alternatively, the stay could be maintained and Sync RFID could file its reply so that briefing is substantially completed when the decision in Property Matters occurs, and the Court could then order limited supplemental briefing if it so desired.

### Plaintiff's Position

AAP does not oppose a continued stay of this action pending the Eleventh Circuit's decision in Property Matters, as that appeal directly involves the issue of whether an 'injury' or 'discovery' rule applies to the accrual of claims under the Copyright Act. AAP questions the logic behind Sync RFID's contention that the *dissent* in Warner Chappell somehow supports the granting of its motion for judgment on the pleadings. Generally stated, AAP finds it somewhat more prudent to cite to majority opinions by the Supreme Court, but Sync RFID can certainly explain its position when the stay in this case is lifted. Finally, AAP notes that, shortly after Warner Chappell was decided, the Supreme Court denied the petition for certiorari in Hearst Newspapers, L.L.C. v. Martinelli which directly presented the question of whether the discovery or injury rule applied for claim accrual under the Copyright Act (the 5th Circuit held that the discovery rule applied).

| | |
|---|---|
| /s/ Griffin Klema<br>Griffin C. Klema, Esq.<br>Fla. Bar No. 100279<br>Griffin@KlemaLaw.com<br>**Klema Law, P.L.**<br>PO Box 172381<br>Tampa, FL 33672<br>420 W. Kennedy Boulevard<br>Tampa, FL 33606<br>Telephone: 202-713-5292<br>*Attorney for Defendant* | /s/ Dan DeSouza<br>**COPYCAT LEGAL PLLC**<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>Daniel DeSouza, Esq.<br>Florida BarNo.: 19291<br>dan@copycatlegal.com<br>hali@copycatlegal.com<br>Lauren M. Hausman, Esq.<br>Florida Bar No.: 1035947<br>lauren@copycatlegal.com<br>*Attorneys for Plaintiff* |