THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14379-KMM

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

SYNC RFID INC,

    Defendant.

## NOTICE OF FILING

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") hereby provides the Court notice of , as personal representative for the estate of Blaine Harrington III ("Plaintiff"), hereby provides the Court notice of the attached (1) July 30, 2024 Opinion in Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC[1] and (2) August 2, 2024 Order in Science Photo Library Limited v. Bell Performance, Inc. (M.D. Fla.).

As the Court is aware, the stay in this case was continued pending the Opinion in Property Matters USA, LLC, which defendant Sync RFID Inc ("Defendant") predicted would have the "greatest likelihood of controlling the issue here."[2] Suffice to say, Defendant's predictions throughout this lawsuit as to how the Supreme Court and Eleventh Circuit would rule have been *somewhat* inaccurate. As set forth in the Opinion, the Eleventh Circuit did not reach the issue of whether the discovery or injury rule applied. Rather, the Opinion affirmed the district court on the basis that a voluntary dismissal without prejudice does not confer prevailing party status.

---

[1] The Opinion is likewise available on Lexis/Westlaw. See Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC, No. 23-12563, 2024 U.S. App. LEXIS 18801 (11th Cir. July 30, 2024).

[2] See D.E. 25.

The Order in <u>Science Photo Library Limited</u>, however, squarely addresses the issue before the Court. The defendant in that case is represented by the same attorney (Griffin Klema, Esq.) representing Defendant here and, unsurprisingly, filed a motion for judgment on the pleadings that is a mirror-image of the motion at issue here. The motions are essentially a copy/paste job, right down to the defendant in <u>Science Photo Library Limited</u> sloppily including several references to "AAP" or "Affordable Aerial Photography" in its motion:

> [3] Only those rights enumerated under § 106 constitute infringement; "publication" or "use" are not infringements as such. And despite AAP's alleging defendant "distributed" "the Work", [ECF 1 at ¶¶ 28 and 29], distribution is inapplicable absent some allegation that it was a "sale or other transfer of ownership, or by rental, lease or lending," 17 U.S.C. § 106(3). AAP and its counsel misunderstand the Copyright Act.
> [4] Incidentally,

> WHEREFORE, defendant Bell Performance Inc. requests the Court (a) grant this motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c); (b) enter judgment for defendant Bell Performance Inc. and against plaintiff Affordable Aerial Photography, Inc.; and (c) grant such further relief as the Court deems just and proper.

In denying the substantially-identical motion for judgment on the pleadings filed by Mr. Klema, the Order in <u>Science Photo Library Limited</u> provides a detailed analysis of the issues before this Court. Mr. Klema will presumably contend (as he has done before) that Judge Byron – like nearly every other federal district court or appellate judge across the country to consider the issue – is wrong, but this recent authority is nevertheless provided so that the Court may reach its own conclusions.

Dated: August 2, 2024.

COPYCAT LEGAL PLLC
3111 North University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228

dan@copycatlegal.com

By: /s/ Daniel DeSouza_____  
Daniel DeSouza, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___  
Daniel DeSouza, Esq.