THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14379-KMM

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

SYNC RFID INC,

    Defendant.

## PLAINTIFF'S MOTION TO LIFT STAY

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") hereby files this motion to lift stay/re-open this lawsuit, and states as follows:

1. On December 4, 2023, Plaintiff filed its Complaint in this action. The Complaint asserts a single claim for copyright infringement with respect to defendant Sync RFID Inc's ("Defendant") alleged unauthorized use of a photograph on its website.

2. On January 29, 2024, Defendant filed its Answer [D.E. 11].

3. On February 13, 2024, Defendant filed its Motion for Judgment on the Pleadings [D.E. 15]. That motion is entirely predicated on the notion that this lawsuit is barred by the Copyright Act's 3-year statute of limitations because Defendant's infringing use of the subject photograph began more than 3 years prior to the filing of the Complaint.

4. Stated differently, Defendant argues that the Court should adopt an 'injury' accrual rule (whereby an infringement claim begins to accrue from the date of infringement) rather than follow every federal Circuit Court to address the issue and all but one district court, all of which have adopted the 'discovery' accrual rule (whereby an infringement claim begins to accrue when

a plaintiff discovers or should have discovered the infringement).

5. On February 29, 2024, the Court stayed this lawsuit in response to Defendant's motion to stay which argued that the Supreme Court was poised to resolve the 'injury' vs. 'discovery' accrual rule issue (even though there has never been any conflict amongst the federal Circuit Courts).

6. As the Court knows, the Supreme Court did not address the 'injury' vs. 'discovery' issue in Nealy v. Warner Chappell Music, Inc.

7. Although the Supreme Court did not address the issue, the stay in this case remained in place because the 'injury' vs. 'discovery' issue was likewise before the Eleventh Circuit in Affordable Aerial Photography Inc. v. Property Matters USA LLC.

8. As reflected by Plaintiff's August 2, 2024 Notice of Filing [D.E. 27], the Eleventh Circuit did not address the 'injury' vs. 'discovery' issue in its July 30, 2024 Opinion in Property Matters USA LLC.

9. Notably, the issue in Nealy v. Warner Chappell Music, Inc. was **never** whether the 'discovery' vs. 'injury' rule applied. Rather, the issue was whether the Copyright Act imposes a 3-year lookback period on a plaintiff's right to recover damages for infringement – an issue on which there was a Circuit Court split (with the 9th Circuit, 5th Circuit, and 11th Circuit holding no such limit applied and the 2nd Circuit holding otherwise).

10. The 'injury' vs. 'discovery' issue, however, was squarely before the Supreme Court in Hearst Newspapers, L.L.C. v. Martinelli, No. 23-474, 2024 U.S. LEXIS 2218 (May 20, 2024). In that case, the Fifth Circuit held that the 'discovery' rule applied to claim accrual and the defendant sought review of that holding. The Supreme Court denied the petition for certiorari on May 20, 2024, thus leaving the Fifth Circuit's holding untouched.

11. There is simply no reason for a continued stay in this action. Defendant predicted that the Supreme Court and/or Eleventh Circuit would break from every federal Circuit to consider the issue and hold that an 'injury' rule applies. Defendant was admittedly wrong in those predictions.

12. This case has been pending for more than 8 months without any Scheduling Order in place and/or opportunity for the parties to participate in discovery – all due to Defendant clinging onto the hope that one or more courts would adopt a theory that has been uniformly rejected (but for a single district court) across the country.

13. Plaintiff therefore requests that the Court lift the stay in this action/re-open the case and issue an Order requiring the Parties to submit a 26(f) report such that a Scheduling Order to move this case forward can be put in place.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: (a) granting this Motion; (b) lifting the stay in this action; (c) requiring the Parties to submit their Rule 26(f) report by a date certain; and (d) for such further relief as the Court deems proper.

### LOCAL RULE 7.1(a)(3) CERTIFICATE

Before filing this Motion, undersigned counsel conferred with counsel for Defendant who indicated that Defendant opposes the requested relief and believes that the stay should remain in place.

Dated: August 23, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____

Daniel DeSouza, Esq.<br>
Florida Bar No.: 19291

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.