UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14379-KMM

AFFORDABLE AERIAL PHOTOGRAPHY INC.
a Florida corporation,

    Plaintiff,

v.

SYNC RFID INC,
a Florida corporation,

    Defendant.

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO LIFT THE STAY AND
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO MAINTAIN THE STAY**

Defendant, Sync RFID Inc, pursuant to Local Rule 7.1(c), files this, its memorandum of law in opposition to plaintiff Affordable Aerial Photography Inc.'s ("AAP") motion to lift the stay [ECF 29]. It also moves separately to maintain the stay until the Court disposes of Sync RFID's motion for judgment on the pleadings, [DE 15], and relies on the arguments herein to support that motion.

**MEMORANDUM IN OPPOSITION**

**I.    Procedural History**

Sync RFID filed a motion for judgment on the pleadings. [DE 15]. AAP filed its memorandum in opposition on February 28, 2024. [DE 22]. Defendant's reply in support of its motion would have been due on March 6, 2024, see S.D. Fla. L.R. 7.1(c)(1)), but the Court granted defendants' motion to stay before then. [DE 23]. After the Supreme Court handed down its decision in Warner Chappell Music, Inc. v. Nealy, 144 S. Ct. 1135 (2024), this Court ordered the

parties to provide a status report. [DE 24]. The parties complied, and jointly agreed to maintain the stay pending the Eleventh Circuit's decision in Affordable Aerial Photography Inc. v. Property Matters, Inc., 108 F.4th 1358 (11th Cir. 2024), pet. for reh'g filed (Aug. 20, 2024). [DE 25]. The Court again extended the stay for an additional 90 days. [DE 26]. The stay is set to expire on September 30, 2024, and the Court instructed the parties to "move to reopen the case or extend the stay" before that deadline. Id.

AAP seeks to reopen the case, acknowledging that neither case pending before the Supreme Court nor the Eleventh Circuit reached the question of whether "accrue" under the Copyright Act's statute of limitations embodies an incident of injury rule or a discovery-accrual rule. [DE 29]. AAP is correct that Property Matters did not reach the statute of limitations issue, but AAP overlooks the petition for rehearing that was filed there. AAP also ignores the pendency of the dispositive motion itself in this case, flatly asserting there is "no reason for a continued stay," [DE 29 at ¶ 11], as if the mere pendency of the Warner Chappell and Property Matters cases by themselves justified the Court's stay without Sync RFID's corresponding Rule 12(c) motion—the merits of which could have been decisively affected by those decisions. The decisions in those cases does not make a continued stay unwarranted until the motion is decided.

Contrary to AAP's argument, there remain good reasons to maintain the stay: (i) The case-dispositive motion for judgment on the pleadings, (ii) AAP's known business model as a copyright troll, see Live Face on Web, LLC v. Cremation Soc'y of Ill., 77 F.4th 630, 635 (7th Cir. 2023) ("this suit bears all the hallmarks of a copyright troll at work"), together with (iii) the "controlling legal question" presented in the motion that would serve as a vehicle for immediate appeal to the Eleventh Circuit if denied. Sync RFID's Rule 12(c) motion for judgment on the pleadings should be decided before lifting the stay to avoid unreasonable discovery burdens on Sync RFID. A

decision granting its motion would end the litigation while a decision embracing the discovery rule would provide for a path for immediate appeal pursuant to 28 U.S.C. § 1292(b).

## II.     Legal Standard

A court has wide discretion in managing its docket. Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001). In managing a docket, however, "[f]acial challenges to the legal sufficiency of a claim" should "be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). Because such motions present purely legal questions, "there are no issues of fact" and consequently, "neither the parties nor the court have any need for discovery before the court rules on the motion." Id. ; accord McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257 (11th Cir. 2004) (statutes of limitation raise "controlling legal question[s]"). While there is no precise rule for a court's exercise of discretion, the courts in this district have looked to balance the competing interests of the parties. Riley v. Heritage Prop. & Cas. Ins. Co., No. 22-cv-22893-Scola (S.D. Fla. Dec. 16, 2022). Courts may "consider the relative prejudice and hardship 'worked on each party if a stay is or is not granted' and general efficiency." Id. (staying discovery after determining that it "appear[ed] likely" that the defendant's motion to dismiss would be granted).

## III.     Argument

In this copyright action, there are only two parties, and defendant's Rule 12(c) motion for judgment on the pleadings would dispose of the entirety of the case. That motion should be decided first, as a threshold issue before allowing AAP to pursue tactically-abusive discovery. As between AAP and Sync RFID, the balance favors the stay until the pending motion is disposed of, given the unequal harms that result from overaggressive copyright enforcement actions, like AAP routinely pursues. There is far more burden on Sync RFID than AAP. Further, AAP's delays in

bringing the action show that time alone is neither prejudicial to it nor harmful to its claim.

The issue here is particularly apt for a continued stay, since it involves a single "controlling legal question" suitable for immediate appeal if the Court were to find a discovery rule governs accrual of ordinary copyright infringement claims. McFarlin, 381 F.3d at 1259 ("resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation"). Statutes of limitations are precisely the kind of controlling legal questions that ought to be resolved before allowing a case to progress into discovery. Cf., id. at 1257.

### A. There is more harm to Sync RFID in defending AAP's overaggressive copyright claim than delay to AAP in proving its case

The harm to Sync RFID in opposing overaggressive copyright claims, like AAP pursues, is substantial and a known litigation tactic. There is a serious imbalance in copyright infringement litigation, which AAP uses to its advantage.

As the Eleventh Circuit recognized, discovery is well known to "carry significant costs." Chudasama, 123 F.3d at 1367. AAP is a serial litigant, and deploys boilerplate pleadings, serves boilerplate discovery leading up to filing boilerplate summary judgment motions—all calculated to drive up the defendant's cost and, in turn, increase what a defendant is willing to offer in a settlement of even potentially baseless claims. Live Face, 77 F.4th at 634 (copyright trolling is "a disreputable business practice—a form of extortion") (quoting Klinger v. Conan Doyle Est., Ltd., 761 F.3d 789, 791–92 (7th Cir. 2014). AAP's business model is that of copyright troll, as its own counsel embraces. See Daniel DeSouza, Is CopyCat Legal a Copyright Troll?, available at https://www.copycatlegal.com/blog/is-copycat-legal-a-copyright-troll/ ("trust me, as a 'troll,' I'm always looking for a few good meaty bones"). Those improper litigation tactics have been noted by at least one judge in this district. Order, Affordable Aerial Photography, Inc. v. Ditommaso, No. 22-80030 (S.D. Fla. Nov. 9, 2023) (Middlebrooks, J.) (observing that it was "possible, that

Plaintiff's counsel knew" of certain omitted facts "while pursuing default judgment" and characterizing CopyCat Legal's "exclu[sion of] the factual context" as "conduct unbecoming of a forthright litigant in federal court" and saying "the omission borders on deceitful"). AAP has filed more than 100 near-identical photograph-on-website cases. It seeks settlements beyond the reasonable value of its claims, and does so through a combination of cost-of-defense and potential liability for future (though still unaccrued) plaintiff's fees, which it asserts Sync RFID will bear pursuant to § 505. It seeks to extort excessive settlements, and is attempting to do so here. Exhibit A (demanding $35,000 for one image with an objective market value of $10); [DE 1 at 8-9] (seeking $175,000 in damages plus attorney's fees). In combination with that leverage, it uses Rule 41 as an escape hatch if it senses potential defeat to avoid consequences for its failed attempt at extortion. See Affordable Aerial Photography, Inc. v. Abdelsayed, No. 9:21-cv-81331-AMC (S.D. Fla. Jan. 4, 2023) (granting voluntary dismissal without prejudice and without liability for the defendants' attorney's fees); aff'd sub nom. Affordable Aerial Photography, Inc. v. Trends Realty USA Corp., No. 23-11662, 2024 WL 835235 (11th Cir. Feb. 28, 2024), pet. filed, Abdelsayed v. Affordable Aerial Photography, Inc., no 24-___ (Sept. 5, 2024).[1]

Now, it seeks to lift the say to resume its trolling tactics with the calculated and expected goal that Sync RFID will offer more money in settlement to AAP in settlement rather than continue paying to defend this low value or even meritless claim in one of the most expensive phases of litigation: discovery.

In contrast to Sync RFID's discovery burdens, any harm to AAP resulting from a modest further stay to accommodate a decision on the Rule 12(c) motion is minimal. Copyright actions are typically easy for plaintiffs to bring and prove, requiring little proof. The bulk of such cases

---

[1] The Clerk of the Supreme Court has not yet assigned a case number.

tends to focus on discovery *from* the defendant. Only two elements must be shown for an infringement claim: ownership and copying of a work. Compulife Software Inc. v. Newman, 959 F.3d 1288, 1306 (11th Cir. 2020). A registration often provides prima facie evidence of the first element. See 17 U.S.C. § 410(c). AAP's burden of proof on copying is also marginal, since that element need not be shown by direct evidence, but rather may be "inferred from indirect evidence." Compulife Software, 959 F.3d at 1301. AAP may also enjoy statutory remedies, thus obviating a need for it to prove any damages. 17 U.S.C. § 504(c).[2] And so long as it becomes the "prevailing party" in an action, it also recovers its attorney's fees. 17 U.S.C. § 505. AAP's trolling business model is successful precisely because of the marginal effort that each of its more than 100 of AAP's infringement suits require. It deploys plug-and-play pleadings, discovery requests, and motions, all requiring little effort to prepare and serve. It has no real cost in pursuing its trolling because AAP engages its attorneys on contingency-fee basis—whereas defendants like Sync RFID incur, in real-time, the cost of defense. The burden of responding to AAP's boilerplate discovery is significant, with most of it concerning a defendant's affirmative defenses. AAP even boasts about how "simple" its cases are, as its demand letter shows. Exhibit A ("it is not particularly complex"); see also Plf's Mot. for Summ. J., Affordable Aerial Photography Inc. v. Abdelsayed, No. 9:21-cv-81331 (S.D. Fla. Jun. 13, 2022) ("this is not a particularly complex case" and seeking judgment as a matter of law with little more than its own affidavit together with *defendant's* discovery responses).

    AAP's pleading also shows that the mere passage of time has no effect on its case or its value. The photograph allegedly appeared on Sync RFID's website more than eight years ago. [DE 1 at ¶ 18]. Yet AAP waited over a year to bring the present suit, after "discover[ing]" the image in

---

[2] Assuming it has a valid copyright and timely registration, neither of which Sync RFID concedes.

May 2022. It previously agreed to continue the stay, [DE 25] but once it realized neither <u>Warner Chappell</u> nor <u>Property Matters</u> would control the Rule 12(c) motion, it seeks to avoid a decision on it before bringing to bear significant discovery costs on Sync RFID, and thereby drive up settlement value while the motion remains pending.

The harm to Sync RFID of allowing a time-barred case to proceed into discovery is evident. The lack of prejudice or harm to AAP, on the other hand, is equally evident, as it does not argue what problems it faces by having the Rule 12(c) motion decided before being allowed to burden Sync RFID with its discovery. A stay to accommodate the Court's disposition of the Rule 12(c) motion is neither immoderate nor indefinite. It is the most efficient course of action because the mere passage of time does not make a case "inefficient" compared to actual effort expended (i.e. discovery). Indeed, it would be inefficient and harmful to Sync RFID to respond to AAP's discovery because, as the Rule 12(c) motion shows, this case is barred as untimely. Balancing the prejudice to each side favors maintaining the stay in this case. <u>Feldman v. Flood</u>, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

  **B. The motion is entirely dispositive of this action, and is likely to reach the Eleventh Circuit regardless of how it is decided**

AAP does not contest the fact that if the incident of injury rule applies, its case will be dismissed as barred by the statute of limitations, 17 U.S.C. § 507(b). And all signs point to the dubious basis of the discovery rule, which at least one circuit (two judges) have recognized is improper, though they acknowledge being bound to follow existing (but wrong) precedent.

Judge Murphy of the Sixth Circuit recently reiterated that the "assumed" discovery rule "may well prove misplaced" and his position on claim accrual is now joined by Judge Gibbons. <u>Reguli v. Russ</u>, No. 23-5925, 2024 U.S. App. LEXIS 19008 at *23 (6th Cir. Jul. 31, 2024) (Murphy, J., concurring). He lamented that "the parties debate the mechanics of the discovery rule

without addressing 'the logically antecedent question': Should this rule apply at all?" Id. He again highlighted the contrast between the Supreme Court's decisions construing statutes of limitations with those of the appellate courts, which, in his mind, "seem to be speaking different languages." Id.

Even the Supreme Court has subtly and not-so-subtly admonished litigants. Warner Chappell, 144 S. Ct. at 1140-41 (Gorsuch, J., dissenting) (the court should not "play along with these particular parties and expound on the details of a rule of law that they may assume but very likely does not exist"). The Warner Chappell majority also made clear that the defendant simply "accepted that the discovery rule governed" and "never challenged" it, id. at 1139, while using rhetorical cues casting doubt on the discovery rule, characterizing it as "so-called," an "assumption," and an "alternative view," id. at 1138. Here, in contrast. Sync RFID has directly challenged the propriety of that rule. Without binding precedent from the Eleventh Circuit, this Court can and should apply the incident of injury rule that has long-governed how the Supreme Court construes "accrue" in statutes of limitations. Sync RFID's motion for judgment on the pleadings should be decided before the stay is lifted.

The future of this case is likely to take two alternative paths based on the outcome of that motion: either (A) this Court will agree with AAP and deny the motion for judgment on the pleadings, in which case Sync RFID may request certification pursuant to 28 U.S.C. § 1292(b); or (B) the Court will agree with Sync RFID, and end the case on the merits, in which case AAP might appeal. Neither of those paths require discovery. Unless settled, this case is likely to arrive in the Eleventh Circuit, and it should do so through the most efficient and least costly path possible.

Indeed, the claim accrual issue is one that the Eleventh Circuit is likely to take up, if the matter is certified by a district court pursuant to 28 U.S.C. § 1292(b). That is how Warner Chappell

reached the high court. See Certification Order, Nealy v. Atlantic Recording Corp., no. 18-cv-25474 (S.D. Fla. Jun. 21, 2021), and Order Granting Permission to Appeal, Music Specialist, Inc. v. Warner Chappell Music, Inc., no. 21-90018 (11th Cir. Jul. 1, 2021); see also Warner Chappell, 144 S. Ct. at 1138 ("Appreciating the impact of [its] ruling, the District Court certified [the question] for interlocutory appeal.").[3]

Regardless of the potential appellate future of this case, the Court should "'take a preliminary peek' at the merits of [a dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." Feldman, 176 F.R.D. at 652-53. The motion has substantial merit, is dispositive, and should be decided before lifting the stay.

## CONCLUSION

Given the imbalance of burdens resulting from allowing discovery to proceed, the Court should maintain the stay and enter a decision on Sync RFID's Rule 12(c) motion for judgment on the pleadings. If the Court grants that motion, it would terminate the present action. If the Court denies the motion and adopts the discovery rule, Sync RFID may then request a certificate of immediate appealability pursuant to 28 U.S.C. §1292(b). The fact that such a decision adopting a discovery rule for ordinary infringement actions is likely to have immediate appealability further counsels in favor of maintaining the stay until such a decision is entered.

**WHEREFORE**, defendant, Sync RFID, Inc. respectfully requests the Court:

a) deny plaintiff Affordable Aerial Photography, Inc.'s motion to lift the stay;

b) maintain the stay until the Court disposes of the pending Rule 12(c) motion for

---

[3] As suggested by Sync RFID in its earlier filing, [DE 28], the defendant in the case referenced by AAP did seek certification, see Def's Mot. to Certify, Science Photo Library, Ltd. v. Bell Performance, Inc., No. 6:23-cv-02302 (M.D. Fla. Aug. 16, 2024), though the case settled before the plaintiff there responded to the certification motion.

      judgment on the pleadings; and

c) for such further relief as the Court deems just and proper.

                                                 /s/ Griffin Klema  
                                                Griffin C. Klema, Esq.  
                                                Fla. Bar No. 100279  
                                                Griffin@KlemaLaw.com  
                                                **Klema Law, P.L.**  
                                                PO Box 172381  
                                                Tampa, FL 33672  
                                                420 W. Kennedy Boulevard  
                                                Tampa, FL 33606  
                                                Telephone: 202-713-5292  
                                                Attorney for Defendant