# Exhibit A

Exhibit A

**Exhibit A**



Copycat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T  877-HERO-CAT (877-437-6228)
E  help@copycatlegal.com

FRE 408 SETTLEMENT COMMUNICATION

May 16, 2022

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL (**contact@syncrfid.net**)**

Sync RFID Inc
Attn: Anthony Uhl
3340 SE Federal Highway
Suite 251
Stuart, FL 34997

*RE:   **Affordable Aerial Photography, Inc. v. Sync RFID Inc***

Dear Mr. Uhl:

This law firm represents Affordable Aerial Photography, Inc.  I am writing to you because it appears that one or more of our client's copyrighted works was utilized for commercial purposes by Sync RFID Inc without first obtaining or purchasing a license from our client. Such unauthorized use constitutes federal copyright infringement under 17 U.S.C. § 501 in addition to other claims potentially arising under federal law. This letter is sent pursuant to Federal Rule of Civil Procedure 408 and is for settlement purposes only.  This letter is an attempt to amicably resolve the dispute specified herein prior to initiation of litigation in which damages, costs, and attorneys' fees will be sought. To the extent we cannot resolve this matter privately, please see the enclosed draft Complaint that we intend to file in the United States District Court for the Southern District of Florida.

Our client is in the business of taking high-end real estate photography using state-of-the-art equipment.  When commissioned for a job, our client spends countless hours capturing dozens (if not hundreds) of photographs and then processing those photographs to ensure they meet customers' requirements.  The unauthorized use of our client's work deprives our client of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing its rights.

In 2012, our client took a professional photograph of the entrance to the Admirals Cove neighborhood in Jupiter, FL titled "Admirals Cove Entrance 2012 AAP.jpg" (the "Work").  To our knowledge, our client **did not** authorize your company to use and/or display the foregoing photograph.  Notwithstanding this lack of authorization, we have identified the subject photograph

appearing on Sync RFID's website (at http://syncrfid.net/contact-us/).   Screenshots of the photograph(s), together with our client's federally registered copyright information, are attached to and described more fully in the attached draft Complaint.

I encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages/attorneys' fees if we are forced to file the enclosed lawsuit.  Keep in mind that attorneys' fees include those you will be forced to incur to mount a defense (if any) **and** potentially the attorneys' fees/costs we will incur to pursue the matter (which may be awarded) if our client prevails in court.  It is important that you are cognizant of that exposure in deciding how to respond to this letter. Assuming our client prevails in court, 17 U.S.C. § 504(c)(1) provides our client the right to recover statutory damages (for ***each work*** that was infringed) "in a sum of not less than $750 or more than $30,000 as the court considers just."  Further, if the infringement was committed "willfully," the court may increase the award of statutory damages (for ***each work*** that was infringed) "to a sum of not more than $150,000.

Further, please understand that your conduct here implicates another provision of the copyright laws pertaining to the intentional removal of copyright management information from our client's work.  Here, our client's copyright management information (generally identifying our client as the author of the work) has been intentionally removed, and this constitutes a violation of 17 U.S.C. § 1202 for which our client may additionally elect to recover statutory damages in the sum of not less than $2,500.00 or more than $25,000.00 (for ***each work*** that the copyright management information was removed).

Courts in the Eleventh Circuit (which covers Florida, Georgia, and Alabama) have not hesitated (where appropriate) to impose substantial statutory damages against copyright infringers. See, e.g. Reiffer v. World Views LLC, No. 6:20-cv-786-RBD-GJK, 2021 U.S. Dist. LEXIS 38860, at *11 (M.D. Fla. Mar. 1, 2021) (awarding $45,000.00 where ***single*** photograph of Dubai's cityscape was infringed); Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *14 (S.D. Fla. Aug. 7, 2020) (awarding $57,600.00 where ***single*** photograph was infringed); CCA & B, LLC v. Toy, No. 1:19-CV-01851-JPB, 2020 U.S. Dist. LEXIS 248303, at *17 (N.D. Ga. Dec. 14, 2020) (awarding $30,000 for sale of counterfeit goods that infringed plaintiff's copyright).  Please keep in mind both that the facts of these cases may be different than those here (thus militating in favor of a higher or lower award here) and that the above amounts do not account for attorneys' fees which are also recoverable under the Copyright Act.

Please note that Section 504 of the Copyright Act provides for the recovery of statutory damages (as explained above) or (at our client's election) actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue and make an election that is most beneficial to our client.

While this is a serious matter, it is not particularly complex. The utilization of our client's work(s) without proper authorization constitutes copyright infringement, and we will either resolve

this issue in court (allowing a court to decide the matter) or privately between the parties.  To that end, my client's demand is simple:

> **You shall pay Thirty-Five Thousand Dollars ($35,000.00) within fourteen (14) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s)**.

Please contact us within the above-stated period to arrange for payment. If payment is received as described above, we will forego the filing of a lawsuit. Otherwise, please be aware that our client does not shy away from enforcing its rights in court. It has done so many times before and secured awards commensurate with the above examples.  See, e.g. Afford. Aerial Photography v. VisitWPB.Com, Inc., No. 17-cv-81306-BB, 2018 U.S. Dist. LEXIS 227389, at *7 (S.D. Fla. Apr. 20, 2018) (awarding $54,000.00 where **single** photograph was infringed).

Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *5-7 (S.D. Fla. Aug. 7, 2020) is instructive with respect to your evaluation of the foregoing settlement demand.  I encourage you to read the below-quoted text from that case:

> Corson believes that the scarcity of this work should also be considered in this Court's evaluation. Corson employed several techniques that she perfected over her career including: "professional strobe lighting to give the photos a polished, yet natural look. Most images were shot on a tripod with custom lighting setups that [Corson's] years of experience shooting homes and interiors has allowed [her] to execute with precision and speed. Selecting the proper lenses and aligning the camera properly is crucial to high-end architectural photography." ECF No. [12-2] at 3. Corson "then spent 2 working days processing the approximately 400 photographs using [her] proprietary adjustments to color, contract, levels, etc.; selected [her] favorites; made individual adjustments to those 92 files; then submitted them along with dozens of video clips to [her] editor." *Id.* **The Court finds Corson's request for a scarcity multiplier of four is appropriate to reflect the fair market value of Corson's Work. See Affordable Aerial Photography, Inc. v. VisitWPB.Com, Inc., No. 17-CV-81306-BB, 2018 U.S. Dist. LEXIS 227389, 2018 WL 6519104, at *2 (S.D. Fla. April 23, 2018) (J. Bloom) (applying a scarcity multiplier of six to an infringed work of photography)**; *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a multiplier of three to five times the benchmark because of the scarcity factor of a stem cell image). Therefore, Corson's actual damages are $19,200.00 (the licensing fee over two years times a scarcity multiplier of four).

Corson seeks statutory damages as a result of GCI's willful infringement upon the Work. Willful infringement occurs when the Defendant acts "with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (J. Cohn) (citing *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 464 (E.D.Pa.1987)). Here, Corson sent GCI two notices of its infringement prior to the date this suit was filed. Corson's notice letters, dated April 29, 2019 and June 14, 2019, received no response from GCI. Further, GCI received notice of its infringement when it was served the Complaint in this action. [*7]  ECF No. [1]. ***Notwithstanding prior instances of notice, "this Court may infer that Defendant willfully infringed Plaintiffs' copyrights because of Defendants' default."*** *Arista Records, Inc.*, 298 F. Supp. 2d at 1313 (internal citations omitted). I find that GCI's infringing conduct was willful. ***Accordingly, Corson is entitled to a tripling of her actual damages of $19,200.00 See Affordable Aerial Photography, Inc., 2018 U.S. Dist. LEXIS 227389, 2018 WL 6519104, at *2 (finding Defendant's willful infringement entitled the Plaintiff to a trebling of its actual damages)***; *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the defendant would have paid to be licensed "is a modest, just and appropriate award under section 504(c)(1)"). ***I thus recommended awarding Corson $57,600.00 in statutory damages.***

As stated above, the facts and circumstances of each case are different.  However, using Corson as an example, please keep in mind that our client would have licensed this photograph for an ***annual fee of $1,500.00***.  Here, the subject photograph was published in 2016 and has remained published through the date of this letter. Because the Copyright Act generally limits recovery to a three-year lookback period, this would result in unpaid licensing fees of $4,500.00.  Given the unique nature of our client's work, we believe a scarcity multiplier of 4x – 6x is appropriate, resulting in actual damages of $18,000.00 - $27,000.00.  If the infringement is found to be willful, those actual damages could then be trebled to $54,000.00 - $81,000.00 (without taking into account any award of costs or prevailing party attorneys' fees).

Further, you should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

This letter is not intended as one in a series of threatening letters on this subject.  Rather, we demand that you respond affirmatively and immediately. If we do not receive such from you

or otherwise hear from you to arrange payment, we will file the enclosed lawsuit and allow the courts to decide the matter.

Finally, while removing the unlicensed photograph(s) from commercial display is required, please understand that ***removal alone is insufficient to end this matter***.  If you do not contact us to arrange for payment for your existing/past use of the photograph(s), a lawsuit ***will*** be filed and our client ***will*** pursue the above-described damages against you.

You should give this matter your immediate attention.

Very truly yours,                                  Very truly yours,

Daniel DeSouza, Esq.                          James D'Loughy, Esq.
For the Firm                                          For the Firm

Encl.